United States District Court
Southern District of Texas

**ENTERED**

December 05, 2023

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

RICHARD NGEH TAWE,                §
TDCJ #1596960,                    §
                                  §
            Plaintiff,            §
                                  §       CIVIL ACTION NO. H-22-0123
v.                                §
                                  §
CYNTHIA LEW, et al.,              §
                                  §
            Defendants.           §

## MEMORANDUM OPINION AND ORDER

In January of 2022 state inmate Richard Ngeh Tawe filed a Prisoner's Civil Rights Complaint ("Complaint") (Docket Entry No. 1) against a "John Doe" defendant. Subsequently, the court dismissed the case after Tawe failed to comply with an order directing him to amend his pleadings in compliance with the Federal Rules of Civil Procedure (Order of Dismissal, Docket Entry No. 7). The court recently reinstated the case after Tawe filed a second Amended Prisoner's Civil Rights Complaint ("Second Amended Complaint") (Docket Entry No. 13) identifying twelve defendants. Because Tawe is a prisoner, the court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize his pleadings and dismiss the case if it determines that the action is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering all of

the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I.   Background and Procedural History

Tawe is presently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Goree Unit in Huntsville.[1]  On January 6, 2022, Tawe filed a Complaint that listed "AKA John Doe" as the only defendant.[2]  The Complaint did not include any factual allegations that would qualify as a claim for relief, but referenced another civil action (Civil Action No. H-21-1789) that had been previously dismissed.[3]

Court records show that Tawe filed Civil Action No. H-21-1789 on May 11, 2021, against a John Doe dentist at the Estelle Unit and 27 other prison officials.[4]  Tawe's primary claim was that his

---

[1]Second Amended Complaint, Docket Entry No. 13, p. 3.  For purposes of identification, all page numbers reference the pagination imprinted on each docket entry by the court's Electronic Case Filing ("ECF") system.

[2]Complaint, Docket Entry No. 1, p. 6 (reflecting that the pleading was executed on January 6, 2022).  For purposes of this Memorandum Opinion and Order all of Tawe's pleadings are considered to have been filed on the date he executed them and placed them in the prison mail system for delivery to the court.  See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (explaining that a prisoner's pro se pleadings are considered filed under the prison mailbox rule on the date they are delivered to prison authorities for filing).

[3]Complaint, Docket Entry No. 1, p. 4.

[4]See Prisoner's Civil Rights Complaint in Tawe v. John Doe aka Dentist Estelle Unit, Civil Action No. H-21-1789, Docket Entry (continued...)

-2-

teeth had become "yellow" while at the Estelle Unit for dental surgery in 2011, and that officials failed to bleach or restore his teeth to their original shade of white.[5]   Tawe also alleged that his shower shoes were confiscated in 2019, which caused him to suffer athlete's foot that led to a stroke on January 14, 2020.[6] Court records show that Civil Action No. H-21-1789 was dismissed on June 3, 2021, as barred by the "three-strikes" rule found in 28 U.S.C. § 1915(g) because of his record of filing frivolous cases while incarcerated.[7]   Therefore, Tawe was not allowed to proceed without prepaying the filing fee for that lawsuit.[8]

Noting that Tawe had at least nine strikes for filing frivolous actions in federal court and that he was barred from proceeding without prepayment of the filing fee as a result, the court initially dismissed the Complaint that he filed in this case (Civil Action No. H-22-0123) on January 19, 2022, without prejudice

---

[4](...continued)
No. 1, pp. 3-8, 18.

[5]Id. at 9.

[6]Id. at 10, 12.

[7]See Order of Dismissal in Tawe v. John Doe, Civil Action No. H-21-1789, Docket Entry No. 7.

[8]Under the "three-strikes" rule established by the PLRA, a prisoner is not allowed to bring a civil action without prepaying the filing fee if, while incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury."   28 U.S.C. § 1915(g).

to reinstatement if Tawe paid the filing fee in full.[9]  Shortly
after this case was dismissed Tawe notified the court that he had
paid the filing fee and that he wished to proceed.[10]  The court
reinstated the case, but ordered Tawe to amend his pleadings in
compliance with the Federal Rules of Civil Procedure because the
original Complaint did not identify any defendant by name or
include any claims for relief.[11]  When Tawe failed to respond within
the time allowed, the court dismissed the action without prejudice
for want of prosecution on March 28, 2022.[12]  The court advised Tawe
that it would grant relief from the dismissal if he made the
requisite showing under Rule 60(b) of the Federal Rules of Civil
Procedure and complied with the previous order directing him to
file a proper amended complaint that complied with federal pleading
rules.[13]

Nearly a year later on March 27, 2023, Tawe submitted a Motion
for Relief from Judgment or Order ("Motion for Relief"),[14] which
included a proposed Amended Prisoner's Civil Rights Complaint

---

[9]Order of Dismissal, Docket Entry No. 4, pp. 2-4.

[10]Letter received on Feb. 1, 2022, Docket Entry No. 5 (docketed
by the Clerk's Office as a Motion to Reopen).

[11]Order to Reinstate and Notice to Plaintiff, Docket Entry
No. 6, pp. 2-3 ¶¶ 3-5.

[12]Order of Dismissal, Docket Entry No. 7, p. 2.

[13]See id.

[14]Motion for Relief, Docket Entry No. 10.

("First Amended Complaint").[15]  The court denied Tawe's Motion for Relief because he did not offer a valid explanation for his failure to comply with the previous order to file an amended pleading or show that relief was warranted under Rule 60(b).[16]  The court stated that Tawe's proposed First Amended Complaint, which listed 25 defendants, failed to allege facts establishing the requisite personal involvement by each defendant in an actionable claim or show that the defendants were properly joined in one lawsuit in compliance with the Federal Rules of Civil Procedure as previously directed.[17]

On July 17, 2023, the court received another Motion for Relief from Tawe,[18] which included a proposed Second Amended Complaint.[19] On September 6, 2023, the court reinstated the case for purposes of addressing Tawe's Second Amended Complaint.[20]

Tawe's Second Amended Complaint, which is dated July 11, 2023,[21] lists the following defendants who are employed by TDCJ at

---

[15]First Amended Complaint, Docket Entry No. 11.

[16]Order, Docket Entry No. 12, pp. 2-3.

[17]Id. at 3-4.

[18]Motion for Relief, Docket Entry No. 14.

[19]Second Amended Complaint, Docket Entry No. 13.

[20]Order to Reinstate [and] Notice to the Plaintiff, Docket Entry No. 15.

[21]Second Amended Complaint, Docket Entry No. 13, p. 20.

-5-

the Ellis Unit:  (1) Dr. Cynthia Lew; (2) Nurse Presley Preschel; (3) Nurse Misty Cockerham; (4) Nurse Neece; (5) Nurse Chelsea Sturrock; (6) Captain Candy Montgomery; (7) Officer Janice Birk; (8) Officer Isaac Clark; (9) Captain Gabriel Adams; and (10) Senior Warden Kelly Strong.[22]  Tawe also sues the following defendants who are employed at the Estelle Unit:  (1) Dr. Betty Williams and (2) Health Care Practice Manager Khari Mott.[23]

Tawe alleges that he was denied adequate medical care and that the defendants engaged in malpractice or deliberate indifference when he suffered a stroke at the Ellis Unit on January 14, 2020.[24] Tawe contends that he asked for help from Nurse Preschel, but that she accused him of malingering.[25]  Tawe was then forced to leave the clinic by Officer Birk.[26]  Thereafter, the Ellis Unit was placed on lockdown for four days.[27]  During the lockdown Tawe's cellmate told Nurse Cockerham that Tawe was having a stroke, but he received no assistance.[28]  After the lockdown ended on an unspecified Saturday in "January 2020," Officer Clark escorted Tawe to the infirmary, but Officer Birk again turned Tawe away and sent him back to his

---

[22]<u>Id.</u> at 3-4.

[23]<u>Id.</u> at 5.

[24]<u>Id.</u> at 6.

[25]<u>Id.</u> at 6-7.

[26]<u>Id.</u> at 8-9.

[27]<u>Id.</u> at 10.

[28]<u>Id.</u> at 11.

cell.[29]   Tawe was seen the following week, where tests confirmed that he had suffered a stroke.[30]   Tawe alleges that he saw Dr. Lew several months before the stroke occurred and that she tried to persuade him to take medication for high blood pressure, but he refused multiple times.[31]   Tawe finally relented and took the medication six days before he suffered the stroke on January 14, 2020.[32]   Tawe believes that the stroke was caused by his discolored teeth and the case of athlete's foot that he contracted after his shower shoes were confiscated.[33]

## II.   Standard of Review

Federal district courts are required by the PLRA to screen a prisoner's complaint and identify cognizable claims or dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.   See Crawford-El v. Britton, 118 S. Ct. 1584, 1596 (1998) (summarizing provisions found in the PLRA, including the requirement that district courts screen prisoners' complaints and summarily dismiss frivolous, malicious, or meritless actions); see also Coleman v. Tollefson, 135 S. Ct. 1759, 1761-62 (2015) (discussing the screening provision found in the federal in

---

[29]Id. at 13.

[30]Id. at 13-14.

[31]Id. at 15.

[32]Id. at 17.

[33]Id. at 19.

forma pauperis statute, 28 U.S.C. § 1915(e)(2), and reforms enacted by the PLRA that were "'designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good'") (quoting Jones v. Bock, 127 S. Ct. 910, 914 (2007)) (alteration in original).

A complaint is frivolous if it "'lacks an arguable basis either in law or in fact.'" Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992) (quoting Neitzke v. Williams, 109 S. Ct. 1827, 1831 (1989)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (citations and internal quotation marks omitted). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998) (citation omitted). In conducting this review the court is mindful that the plaintiff's pro se pleadings are subject to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 92 S. Ct. 594, 596 (1972) (per curiam).

## III.  Discussion

**A.   Tawe's Claims Are Barred by Limitations**

Civil rights claims under 42 U.S.C. § 1983 are governed by the

two-year statute of limitations provided by Texas law.  See
Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001)
(citing Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a)); see also
Redburn v. City of Victoria, 898 F.3d 486, 496 (5th Cir. 2018).  A
Texas prisoner has two years from the time that his claims accrued
to file a civil rights complaint.  See Gonzales v. Wyatt, 157 F.3d
1016, 1020 (5th Cir. 1998).  A claim generally accrues "the moment
the plaintiff becomes aware that he has suffered an injury or has
sufficient information to know that he has been injured" by actions
attributable to the defendant.  Piotrowski, 237 F.3d at 576
(internal quotation marks and citations omitted).  Although the
defense of limitations is usually an affirmative defense raised by
a defendant, a district court may raise the statute of limitations
defense sua sponte in prisoner cases that are subject to judicial
screening.  See Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990);
Burrell v. Newsome, 883 F.2d 416, 418 (5th Cir. 1989).

The pleadings reflect that Tawe was aware of his claims when
he suffered a stroke at the Ellis Unit on January 14, 2020.[34]  Based
on his allegation that he was denied adequate medical care in
"January 2020,"[35] the applicable statute of limitations expired no
later than the end of January 2022.  Although Tawe's previous
lawsuit (Civil Action No. H-21-1789) was filed before the

---

[34]Second Amended Complaint, Docket Entry No. 13, p. 6.

[35]Id. at 13.

expiration of the limitations period in 2021,[36] it had no tolling effect because the complaint was dismissed without prejudice.[37] See Bernard v. Brannigan, 206 F. App'x 315, 316-17, 2006 WL 3025106, at *1 (5th Cir. 2006) (per curiam) (citing Lambert v. United States, 44 F.3d 296, 298 (5th Cir. 1995)); see also Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000) ("[I]f the suit is dismissed without prejudice, meaning that it can be refiled, then the tolling effect of the filing of the suit is wiped out and the statute of limitations is deemed to have continued running from whenever the cause of action accrued, without interruption by that filing.") (collecting cases).

Tawe's original Complaint in this action (Civil Action No. H-22-0123), which is dated January 6, 2022, did not identify any defendants by name or include any claims.[38]   Tawe did not identify the defendants or articulate claims against them until he submitted his First Amended Complaint, which is dated March 23, 2023,[39] and his Second Amended Complaint, which is dated July 11,

---

[36]See Prisoner's Civil Rights Complaint in Tawe v. John Doe aka Dentist Estelle Unit, Civil Action No. H-21-1789, Docket Entry No. 1, p. 18.

[37]See Order of Dismissal in Tawe v. John Doe aka Dentist Estelle Unit, Civil Action No. H-21-1789, Docket Entry No. 7, p. 2.

[38]Complaint, Docket Entry No. 1, pp. 1, 6.

[39]First Amended Complaint, Docket Entry No. 11, pp. 3-7, 17-18.

2023.[40]  Because both the First Amended Complaint and the Second Amended Complaint were filed beyond the two-year limitations period for his claims concerning the stroke that he suffered on January 14, 2020, this action will be dismissed as untimely unless an exception created by the relation-back doctrine, the doctrine of estoppel, or the doctrine of equitable tolling applies.  See Crostley v. Lamar County, Texas, 717 F.3d 410, 419, 421-22 (5th Cir. 2013) (setting forth exceptions to the statute of limitations).

## B.   The Relation-Back Doctrine Does Not Assist Tawe

The original Complaint that Tawe executed on January 6, 2022, listed only one John Doe defendant and did not include any claims for relief.[41]  When a plaintiff attempts to add a defendant after the limitations period has run, as Tawe has done here with his Second Amended Complaint, Rule 15(c) permits the claim against the "new" defendant to relate back to the date of the original complaint only upon a showing that the new defendant (1) received adequate notice of the original lawsuit and (2) knew that, but for a mistake concerning his identity, the action would have originally been brought against him.  See Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii); Jacobsen v. Osborne, 133 F.3d 315, 319-22 (5th Cir. 1998).  Because

---

[40]Second Amended Complaint, Docket Entry No. 13, pp. 3-20.

[41]Complaint, Docket Entry No. 1, pp. 3-4, 6 (referencing Civil Action No. H-21-1789, but including no factual allegations or claims for relief).

there is no indication in the record that the defendants had previous notice of his claims or that there was any mistaken identification, Tawe does not meet this criteria.

Likewise, Rule 15(c) allows an amended pleading to relate back to the date of the original only when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading[.]" Fed. R. Civ. P. 15(c)(1)(B). The Fifth Circuit has held that "when new or distinct conduct, transactions, or occurrences are alleged as grounds for recovery, there is no relation back, and recovery under the amended complaint is barred by limitations if it was untimely filed." Holmes v. Greyhound Lines, Inc., 757 F.2d 1563, 1566 (5th Cir. 1985). Because the untimely Second Amended Complaint attempts to add new claims against new defendants that were not set out or attempted to be set out in the original Complaint, the relation-back doctrine does not apply.

Although Tawe attempted to raise his claims against the defendants in a previous lawsuit (Civil Action No. H-21-1789),[42] the pleadings in that case do not implicate the relation-back doctrine. Because Rule 15(c) applies only to pleadings filed within the same case, neither the First Amended Complaint nor Second Amended Complaint in this action (Civil Action No. H-22-0123) can relate

---

[42]See Prisoner's Civil Rights Complaint in Tawe v. John Doe aka Dentist Estelle Unit, Civil Action No. H-21-1789, Docket Entry No. 1, pp. 6-8, 12-15.

back to the original pleading that Tawe filed previously in 2021, and cannot resuscitate those claims. See Carter v. Texas Department of Health, 119 F. App'x 577, 581 (5th Cir. 2004) (per curiam) (citations omitted); Ultraflo Corp. v. Pelican Tank Parts, Inc., 926 F. Supp. 2d 935, 947 (S.D. Tex. 2013) (observing that "[a] number of courts have held that Rule 15(c) by its express language only applies to pleadings in the same action as the original pleading, if timely filed, and does not relate to the original pleading in a prior suit") (collecting cases).

## C. Neither Estoppel Nor Equitable Tolling Applies

Tawe has not alleged facts explaining his delay or his failure to file this lawsuit against the defendants in a timely manner.[43] Although Tawe included claims against the defendants in the previous lawsuit that he filed in 2021, showing that he was not prevented from filing a complaint before the limitations period expired in January 2022,[44] Tawe did not promptly pursue his claims in that lawsuit after it was dismissed as barred by the three-strikes rule on June 3, 2021.[45]   This demonstrates a lack of diligence on Tawe's part.   Accordingly, neither equitable tolling nor estoppel applies to save Tawe's untimely claims. See Pace v.

---

[43]Order, Docket Entry No. 12, pp. 2-3.

[44]See Prisoner's Civil Rights Complaint in Tawe v. John Doe aka Dentist Estelle Unit, Civil Action No. H-21-1789, Docket Entry No. 1, pp. 3-8, 9-17.

[45]See Order of Dismissal in Tawe v. John Doe aka Dentist Estelle Unit, Civil Action No. H-21-1789, Docket Entry No. 7, p. 2.

DiGuglielmo, 125 S. Ct. 1807, 1814 (2005) (explaining that equitable tolling generally requires a showing that "(1) [a litigant] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing); see also Crostley, 717 F.3d at 421 (explaining that estoppel applies only where the defendant misrepresented his identity).

Because the First Amended Complaint and the Second Amended Complaint filed by Tawe were both untimely and the record does not disclose any exception to the statute of limitations, this action will be dismissed pursuant to 28 U.S.C. § 1915A(b). See Gartrell v. Gaylor, 981 F.2d 254, 256 (5th Cir. 1993) (per curiam) ("[W]here it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" as frivolous.).

### IV.   Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.   The second Amended Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 filed by Richard Ngeh Tawe (Docket Entry No. 13) is **DISMISSED with prejudice** as untimely and therefore frivolous.

2.   The dismissal will count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk will also send a copy of this Order to the Manager of Three Strikes List at**

-14-

Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on this 5th day of December, 2023.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE